IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 06-590-SLR |
| MARTIN P. DURKIN, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 11th day of January, 2007, having reviewed plaintiff's motion for reconsideration;

IT IS ORDERED that the motion is denied, for the reasons that follow:

1. **Background.** Plaintiff Gbeke Michael Awala, is a pro se litigant incarcerated at the Moshannon Valley Correctional Facility, Philipsburg, Pennsylvania. Plaintiff filed this action pursuant to 42 U.S.C. § 1983, without prepayment of filing fee and without filing a motion for leave to proceed in forma pauperis. The court took judicial notice that in every case filed by plaintiff he had not paid a filing fee and that court filings demonstrated plaintiff had no funds to pay the filing fee. (D.I. 3) Plaintiff was denied leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 because in the past he has filed at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim. (D.I. 3) On October 3, 2006, he was ordered to pay the $350 filing fee within thirty days or the complaint would be dismissed. Id. Rather than pay

the filing fee, plaintiff moves for reconsideration of the "three strikes" order. (D.I. 4)

2.  **Standard of Review**.  The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

3.  A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D. Pa.1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of

reasoning but of apprehension." <u>Brambles USA</u>, 735 F.Supp. at 1241 (D. Del. 1990) (citations omitted); <u>See also</u> D. Del. LR 7.1.5.

 4. **Discussion.**  Plaintiff alleges that he was a victim of "miscarriage of justice" during federal criminal proceedings held in this district.  (D.I. 1)  Plaintiff moves for consideration of the "three strikes" order on the basis that he did not file a motion for leave to proceed in forma pauperis at the time he filed the complaint.  He indicates that he has no money to pay the filing fee, but nonetheless argues that the court circumvented 28 U.S.C. § 1915 in entering the "three strikes" order.  Alternatively, plaintiff argues that the court may recover monies for the filing fee from the U.S. Department of the Treasury as it exercises custody over funds "representing money that federal agencies owe to American citizens whose whereabouts are unknown."  (D.I. 4 at 3)  Plaintiff also argues that his complaint is neither frivolous nor malicious and the case should go forward.

 5. Plaintiff does not argue there was an intervening change in the controlling law or the availability of new evidence that was not available when the October 3, 2006 order was issued.  Rather, he simply disagrees with the fact that he is required to pay the $350 filing fee.

6. The law has not changed and there is no new evidence. Most important, after reviewing the complaint and plaintiff's pending motion, there is no need to correct a clear error of law or fact or to prevent manifest injustice. Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration, and therefore, his motion will be denied.

7. **Conclusion**. There was no intervening change in the controlling law or new evidence that was not available when the October 3, 2006 order was entered. Reconsideration is not warranted. Accordingly, the motion for reconsideration (D.I. 4) is **denied**. Plaintiff is given an additional thirty (30) days from the date of this order to pay the $350.00 filing fee. If he does not pay the filing fee within that time, the case shall be dismissed pursuant to 28 U.S.C. § 1915(g).

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE